PER CURIAM.
Angel Espino, a pedestrian, was struck by a vehicle operated by Bruce Veil of Landscape Services by Bruce, ^.(Landscape). The accident occurred on Landscape’s premises. The Aries Insurance Company (Aries) had issued Landscape a business automobile policy wherein Espino was listed as an authorized driver of Landscape’s vehicle. However at the time of the accident, Espino was not employed with Landscape, but rather was employed regularly elsewhere. Espino sued Landscape for the injuries he sustained in the accident. Aries filed a declaratory judgment action against both Landscape and Espino in which it asserted that there was no coverage for Espino’s injuries owing to exclusions in the policy for injuries to employees of the insured (Landscape). The lower court adjudged that the exclusions were inapplicable and that Aries had to indemnify and defend Landscape in the litigation with Espino. Aries thereafter, on behalf of Landscape, tendered its policy limits to Espino and Espino stipulated to the dismissal of his litigation against Landscape.
Thereafter, both Landscape and Espino moved for attorney’s fees pursuant to Section 627.428, Florida Statutes (1997). The lower court awarded Landscape $27,-446 in attorney’s fees and also awarded Espino $18,625 in attorney’s fees.
Section 627.428 provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney’s fee shall be allowed if such suit was commenced pri- or to expiration of 60 days after proof of the claim was duly filed with the insurer.
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case. (Emphasis added.)
The trial judge determined that Espino was not an ‘insured’, ‘omnibus insured’ or ‘named beneficiary’ under the insurance policy at issue. Since those are the only three recognized groups that qualify for statutory attorney’s fees under section 627.428, and Espino was not one of them, he could not be awarded fees. The trial judge’s efforts to create a fourth category, by calling Espino a “necessary party” and awarding him his attorney’s fees on that basis was clearly outside the recog *794 nized role of the judiciary. A trial judge should not engage in law making, leaving modification, subtraction or addition of statutorily defined classes to the Legislature. Accordingly, the award of attorney’s fees in Espino’s favor is therefore reversed.